Moses & Singer LLP
405 Lexington Avenue
New York, NY 10174-1299

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTERGLOBO CUSTOMS BROKER, INC.
and
INTERGLOBO S.R.L.

        Plaintiffs,

  -against-

GRANITI VICENTIA LLC,

        Defendant.

18 CIV. _____

**COMPLAINT**

Plaintiffs, Interglobo Customs Broker, Inc. ("ICB" or "Plaintiff") and Interglobo S.R.L. ("SRL" or "Plaintiff"), by and through their attorneys, Moses & Singer LLP, as and for their Complaint against Defendant, Graniti Vicentia LLC ("Defendant"), allege upon information and belief as follows:

**JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure and also falls within the Court's federal question, pendent, ancillary, and supplemental jurisdiction as to the remaining aspects of the claim in suit.

2. This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(3) because the amount in controversy exceeds $75,000 and the action is

between citizens of different States and in which a citizen or subject of a foreign state is an additional party. Specifically, Defendant is a citizen of Texas, and Plaintiffs, ICB and SRL, are citizens of New York and Italy respectively.

3. Venue properly lies in this District because contract in suit provides for jurisdiction in this forum and Defendant transacts business in New York.

## PARTIES

4. At all material times to this action, ICB, a corporation organized and existing under the laws of the State of New York with an address and place of business at 4 Expressway Plaza, Roslyn Heights, New York 11577, was and still is doing business as customs broker and freight forwarder of cargo for hire.

5. At all material times to this action, SRL, a corporation organized and existing under the laws of Italy with an address and place of business at Piazza Dante, 7/4 – 16121 Genoa, Italy, was and still is doing business as freight forwarder of cargo for hire.

6. Upon information and belief, at all material times to this action, Defendant was and still is a limited liability company organized and existing under the laws of the State of Texas with an address and principal place of business at 1075 W. Sam Houston Pkwy N., Suite 214, Houston, Texas 77043-5018, was and still is doing business as importer and/or distributor and/or seller of goods in the United States.

## FACTS

7. Pursuant to a written Customs Power of Attorney and Standard Terms and Conditions of Service (the "Power of Attorney"), ICB arranged, on behalf of Defendant, for transportation or forwarding of Defendant's cargo for hire via ocean carriage, air carriage and other method of transportation, as well as customs clearance of Defendant's cargo coming into

the United States (the "ICB Services"). ICB performed its obligations by forwarding or arranging for transportation of Defendant's cargo on board ocean vessels and aircraft from various locations located overseas to the United States, and by processing Defendant's cargo through U.S. Customs in order to allow Defendant's cargo to enter the United States. As part of the ICB Services, on behalf of Defendant ICB procured and/or negotiated ocean bills of lading, prepared and/or processed security manifest declarations, performed U.S. Customs entries, paid U.S. Customs duties out of its pocket, and prepared and/or processed other documentation necessary for the international transportation to and entry of Defendant's cargo in the United States.

8. Pursuant to Defendant's booking orders, SRL and Defendant entered into a contract of carriage whereby for hire SRL arranged for transportation or forwarding of Defendant's cargo via ocean carriage, air carriage and other method of transportation and performed related services (the "SRL Services"). SRL performed its obligations by transporting or forwarding Defendant's cargo on board ocean vessels and aircraft from various locations located overseas to the United States. As part of the SRL Services, SRL issued, procured and/or negotiated ocean bills of lading, prepared and/or processed security manifest declarations, and prepared and/or processed other documentation necessary for the international transportation of Defendant's cargo from foreign locations to the United States.

9. Defendant received and accepted the ICB Services and the SRL Services without complaint.

10. Plaintiffs invoiced Defendant for their services and Defendant received and accepted Plaintiffs' invoices. Each of the Plaintiffs sent Defendant periodic statements of account, reminders and payment solicitations, to which Defendant did not object.

11. Defendant has made partial payments to Plaintiffs, promised to pay the balance, but failed to pay the balance owed to the Plaintiffs.

12. Defendant owes ICB sums in excess of $354,065.06 exclusive of interests. As of the date of this Complaint, ICB is still providing the ICB Services to Defendant and is invoicing Defendant accordingly. ICB anticipates that Defendant will not pay for these ICB Services.

13. As of the date of this Complaint, Defendant owes SRL sums in excess of $523,654 exclusive of interests. As of the date of this Complaint, SRL is still providing the SRL Services to Defendant and is invoicing Defendant accordingly. SRL anticipates that Defendant will not pay for these SRL Services.

14. Plaintiffs bring this action on their own behalf and as agents, assignees and/or trustees on behalf of and for the interest of all parties who may be or become interested in the said action, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

## AS AND FOR ICB'S FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

15. Plaintiff ICB repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 14 of this Complaint as if herein set forth at length.

16. ICB has performed the ICB Services. Defendant received and accepted the ICB Services without complaints.

17. ICB invoiced Defendant for the ICB Services. Defendant has failed to pay ICB's invoices and, in so doing, has breached the contract and Power of Attorney with ICB.

18. By reason of the foregoing, ICB has suffered damages in the amount of $354,065.06 exclusive of interests, cost of collection/litigation and attorneys' fees, and continues to suffer damages which are still accruing and which will be assessed at trial.

19. In addition to the aforementioned damages, ICB is entitled to recover attorney's fees and costs of collection and litigation. The Power of Attorney provides that ICB shall be entitled to all costs of collection, including reasonable attorney's fees, and interest at 15% per annum or the highest rate allowed by law, whichever is less. Plaintiff has spent and continues to spend money in legal fees and costs in an effort to collect from Defendant the amounts owed to it.

### AS AND FOR SRL'S FIRST CAUSE OF ACTION
### FOR BREACH OF CONTRACT

20. Plaintiff SRL repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 14 of this Complaint as if herein set forth at length.

21. SRL has performed the SRL Services. Defendant received and accepted the SRL Services without complaints.

22. SRL invoiced Defendant for the SRL Services. Defendant has failed to pay SRL's invoices and, in so doing, has breached the contract of carriage with SRL.

23. By reason of the foregoing, SRL has suffered damages in the amount of $523,654, exclusive of interests, cost of collection/litigation and attorney's fees, and continues to suffer damages which are still accruing and which will be assessed at trial.

24. In addition to the aforementioned damages, SRL is entitled to recover attorneys' fees and costs of collection and litigation for Defendant's breach of the contract of carriage. SRL has spent and continues to spend money in legal fees and costs in an effort to collect from Defendant the amounts owed to it.

### AS AND FOR ICB'S SECOND CAUSE OF ACTION
### FOR ACCOUNT STATED

25. Plaintiff ICB repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 14 of this Complaint as if herein set forth at length.

26. Defendant has not objected to, has accepted, made partial payments and promised to pay ICB's invoices in full.

27. Defendant has failed to pay ICB's total invoices. By reason of the foregoing, ICB has suffered and continues to suffer damages and is entitled to judgment in the amount of $354,065.06 plus interests, cost of collection and litigation and attorney's fees. ICB continues to suffer damages which are still accruing and which will be assessed at trial.

## AS AND FOR SRL'S SECOND CAUSE OF ACTION FOR ACCOUNT STATED

28. Plaintiff SRL repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 14 of this Complaint as if herein set forth at length.

29. Defendant has not objected to, has accepted, made partial payments and promised to pay SRL's invoices in full.

30. Defendant has failed to pay SRL's total invoices. By reason of the foregoing, SRL has suffered and continues to suffer damages and is entitled to judgment in the amount of $523,654 plus interests, cost of collection and litigation and attorney's fees. SRL continues to suffer damages which are still accruing and which will be assessed at trial.

## AS AND FOR ICB'S THIRD CAUSE OF ACTION FOR ATTORNEY'S FEES AND COSTS

31. Plaintiff ICB repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 14 of this Complaint as if herein set forth at length.

32. The Power of Attorney provides that ICB shall be entitled to all costs of collection, including reasonable attorney's fees, and interest at 15% per annum or the highest rate allowed by law, whichever is less. ICB has spent and continues to spend money in legal fees and costs in an effort to collect from Defendant the amounts owed to it.

33. By reason of the foregoing, ICB is entitled to recover attorney's fees and costs of collection, including money spent in connection with this action, together with interests.

### AS AND FOR SRL'S THIRD CAUSE OF ACTION FOR ATTORNEY'S FEES AND COSTS

34. Plaintiff SRL repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 14 of this Complaint as if herein set forth at length.

35. The contract of carriage between SRL and Defendant provides that SRL shall be entitled to all costs of collection, including reasonable attorney's fees. SRL has spent and continues to spend money in legal fees and costs in an effort to collect from Defendant the amounts owed to it.

36. By reason of the foregoing, SRL is entitled to recover attorney's fees and costs of collection, including money spent in connection with this action, together with interests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Interglobo Customs Broker, Inc., respectfully demands judgment in its favor and against Defendant, Graniti Vicentia LLC, and awarding Plaintiff, Interglobo Customs Broker, Inc., damages in excess of $354,065.06 plus interests, cost of collection and litigation and attorney's fees, and such other and further relief that this Court may deem just, proper and equitable.

WHEREFORE, Plaintiff, Interglobo S.R.L., respectfully demands judgment in its favor and against Defendant, Graniti Vicentia LLC, and awarding Plaintiff, Interglobo S.R.L., damages in excess of $523,654 plus interests, cost of collection and litigation and attorney's fees, and such other and further relief that this Court may deem just, proper and equitable.

Dated: July 20, 2018
       New York, New York

                                    MOSES & SINGER LLP
                                    *Attorneys for Plaintiffs*

                            By: _____
                                    Francesco Di Pietro
                                    John V. Baranello
                                    405 Lexington Avenue
                                    New York, NY 10174-1299
                                    (212) 554-7800